UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 4:09-CV-10095 MOORE/SIMONTON

JOHN DOLAN-HEITLINGER

    Plaintiff,

v.

NATIONAL CREDIT UNION ADMINISTRATION
as Conservator for Keys Federal Credit Union,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RE-FILE MOTIONS PENDING IN STATE COURT REGARDING DISCOVERY DIRECTED TO DEFENDANT'S EXPERT WITNESS ROBERT D. MOODY**

**[SUPPORTING MEMORANDUM INCORPORATED HEREIN]**

Plaintiff, JOHN DOLAN-HEITLINGER, by and through undersigned counsel, pursuant to Rule 6(b) the Federal Rules of Civil Procedure and S.D.Fla. L.R. 7.2 moves this Court for an order extending the time for Plaintiff to re-file his Motion to Compel Production of Robert D. Moody's Expert Witness Reports, and his Motion to Compel Production of Expert Witness Documents and to Compel Expert Witness Mr. Moody to Appear for Deposition and Answer Questions not Answered at his August 19, 2008, Deposition, until such time as the issues arise in the course of the federal proceeding. In support thereof, Plaintiff states:

1.    On May 22, 2008, while this case was pending in state court, Defendant filed a Motion for Sanctions and Motion to Strike Plaintiff's Pleadings for Misconduct and Bad Faith accusing Plaintiff of purchasing "scrubbing software and installing it in his work computers with the intent to destroy key evidence supporting Key's Federal's termination of his employment." [Defendant's Motion for Sanctions, ¶20.] In that motion, Defendant

indicated that it had retained Robert D. Moody, JD CISA CISM, as a forensic expert to "retrieve evidence in connection with this litigation" [*Defendant's Motion for Sanctions,* ¶20.] and attached an affidavit prepared by Mr. Moody's in support of the Motion.

2.   Defendant has identified Robert D. Moody as a person who "participated in an investigation of Plaintiff's activities or performance as President and CEO of Defendant" and as a person it expected to call to testify as an expert witness at the trial or evidentiary hearing in this case. [Defendant's Answers to Plaintiff's First Set of Interrogatories, No. 6.] [Defendant's Answer to Plaintiff's Expert Witness Interrogatories, No.6]

3.   On or about, June 11, 2008, Plaintiff served his Third Set of Requests for Production to Defendant. In the Third Set of Requests for Production, Plaintiff sought various documents relating to Mr. Moody's retention as a testifying expert, including reports prepared by Mr. Moody and documents he reviewed.  Defendant objected to this discovery and did not provide the requested documents on various grounds including the attorney-client and work product privilege. Via subpoena *duces tecum* dated July 15, 2008, Plaintiff set the deposition for Mr. Moody for August 19, 2008. Mr. Moody failed to produce documents requested by the subpoena including documents relating to his retention, work assignments, and documents he reviewed and prepared concerning his work in this case.   In addition to instructing Mr. Moody not to produce most of the documents requested in the subpoena, Defendant's counsel repeatedly instructed Mr. Moody to not answer questions at his August 19, 2008 deposition regarding his work in this case.

4.   In response to Defendant's objections to Plaintiff's Third Request for the Production of Documents directed toward Mr. Moody's work as a testifying expert

2

witness, Defendant's refusal to provide documents requested in the subpoena *duces tecum* and Mr. Moody's refusal at defense counsel's direction to answer questions regarding his retention, his work, and documents he reviewed and prepared in conjunction with this case, during his August 19, 2008 deposition, the Plaintiff filed Motions to Compel Defendant to provide this information. Specifically, on July 29, 2008, Plaintiff filed a Motion to Compel Production of Mr. Moody's Expert Witness Reports, and, on December 1, 2008, a Motion to Compel Production of Documents and to Compel Mr. Moody to Appear for Deposition and Answer Questions not answered at his August 19, 2008, Deposition. These motions were pending in state court at the time this action was removed to federal court.

5. In the course of communications with Defendant to resolve the issues raised in Plaintiff's pending Motions to Compel Discovery from Defendant's Expert Witness, Defendant takes the position that the motions are premature. Defendant's counsel argues the following:

> "Federal Rule of Civil Procedure 26(a)(2) now governs the expert testimony of Robert Moody, including the requirement that he file a formal written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and that he produce specific documents relating thereto. In addition, the privileges relating to Mr. Moody's retention and work product are dependent on factors that have yet to occur, including the scope of his designation as an expert witness in the initial disclosures. Accordingly, the issues raised in the Motion to Compel are premature and will be addressed at the appropriate time within

the expert discovery schedule set by the Court." [Letter from Natalie Carlos, Defendant's counsel to Plaintiff's counsel, dated January 6, 2010.]

6.  Accordingly, based on Defendant's representation that "the privileges relating to Mr. Moody's retention and work product are dependent on factors that have yet to occur, including the scope of his designation as an expert witness," Plaintiff seeks an extension of time to re-file Motions to Compel Discovery directed to Mr. Moody until the issues regarding Mr. Moody arise in the course of the federal proceedings.

7.  If the court denies this request and decides that Plaintiff must re-file his Motions to Compel Discovery directed toward Mr. Moody at this time, Plaintiff seeks a 14-day extension from the date of entry of the order denying this request to re-file his motions and supporting memoranda.

8.  Plaintiff certifies that counsel has conferred with Defendant's counsel regarding Plaintiff's Motions to Compel Discovery from Mr. Moody and that Defendant has indicated its position that Plaintiff's Motions to Compel are premature at this time.

WHEREFORE, based on the above, Plaintiff requests that the Court enter an Order extending the time for Plaintiff to re-file Motions to Compel Production of Discovery directed to Defendant's expert witness Robert D. Moody until such time as the issues arise in the course of the federal proceeding.

## Certificate of Service

We hereby certify that a true and correct copy of the above was served on counsel of record on the attached service list via electronic filing with the United States District Court for the Southern District of Florida on this 11th day of January, 2010.

s/ Robert E. Weisberg

**Robert E. Weisberg, Esq**.
**LAW OFFICES OF ROBERT E. WEISBERG**
2701 Bayshore Drive, Ste. 403
Miami, Florida 33133
Reweisberg@aol.com
305-666-6095
305-666-6096 [FAX]

and

s/ Jose F. Torres

**Jose F. Torres, Esq**.
**LAW OFFICES OF CAMPBELL & MALAFY**
1000 Ponce de Leon Blvd., Ste. 205
Coral Gables, FL 33134
torreslaw@mac.com
305-447-8580
786-472-5789 [fax]


**ATTORNEYS FOR PLAINTIFF**

Counsel of Record

**Alan Rosenthal, Esq.**
**CARLTON FIELDS, P.A.**
100 S.E. Second Street
Miami, Florida 33131
arosenthal@carltonfields.com

**Natalie J. Carlos, Esq.**
**CARLTON FIELDS, P.A.**
100 S.E. Second Street
Miami, Florida 33131
ncarlos@carltonfields.com


**Robert E. Weisberg, Esq**.
**LAW OFFICES OF ROBERT E. WEISBERG**
2701 Bayshore Drive, Ste. 403
Miami, Florida 33133
reweisberg@aol.com

5

**Jose F. Torres, Esq**.
**LAW OFFICES OF CAMPBELL & MALAFY**
1000 Ponce de Leon Blvd., Ste. 205
Coral Gables, FL 33134
torreslaw@mac.com