**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-10095-CIV-MOORE/SIMONTON**

**JOHN DOLAN-HEITLINGER,**

**Plaintiff,**

**v.**

**NATIONAL CREDIT UNION ADMINISTRATION,**

**Defendant.**

**_______________________________/**

**ORDER ON PLAINTIFF'S MOTIONS TO COMPEL AND MOTION FOR EXTENSION OF TIME TO RE-FILE MOTIONS PENDING IN STATE COURT REGARDING DISCOVERY DIRECTED TO DEFENDANT'S EXPERT WITNESS**

**Presently pending before the Court are Plaintiff's Motion to Compel Defendant to Comply with Sections B and D of the State Court's Order of July 29, 2009 (DE # 15), Plaintiff's Motion to Compel Defendant to Provide a Better Answer to Interrogatory 8 of Plaintiff's First Set of Interrogatories (DE # 16), Plaintiff's Motion to Compel Defendant to Provide Better Answers to Interrogatories 1-10 of Plaintiff's Second Set of Interrogatories (DE # 17), and, Plaintiff's Motion for Extension of Time to Re-File Motions Pending in State Court Regarding Discovery Directed to Defendant's Expert Witness, Robert D. Moody (DE # 18). Defendant has filed Oppositions to Plaintiff's Motions to Compel (DE ## 24, 25), but did not file a response to the Motion for Extension of Time. Plaintiff filed Replies to those Motions opposed by Defendant and the Motions have been referred to the undersigned Magistrate Judge (DE # 3). A hearing was held on the Motions on February 5, 2010, and at the conclusion of the hearing, the Motions were ruled on as set forth in this Order.**

**I. BACKGROUND**

**This matter was initiated when Plaintiff John Dolan-Heitlinger filed a two-count Complaint in the Circuit Court of the Sixteenth Judicial Circuit, In and For Monroe County, Florida alleging that the Keys Federal Credit Union ("KFCU") breached its employment contract with the Plaintiff by terminating him without providing him with the 180 day notice required prior to termination and failing to pay him severance pay (Count I) (DE # 1). In addition, Plaintiff alleged that KFCU also breached a Deferred Compensation contract by failing to pay the Plaintiff the "Plan Benefit" of six months compensation and accrued benefits as required under that contract when it terminated him not "for cause" (Count II). In its Answer and Affirmative Defenses, Defendant KFCU asserted that Plaintiff was terminated for cause for, among other things, breaching his fiduciary duties as required under the employment contract (DE # 1 at 54-62).**

**During early June of 2008, Defendant KFCU served its Responses to Plaintiff's First and Second Set of Interrogatories and Second Set of Requests for Production of Documents. Defendant KFCU raised various objections in its responses and also asserted the attorney client privilege and work product privilege. However, Defendant did not provide a privilege log to Plaintiff for those responses and did not produce any documents to the Plaintiff.**

**On June 30 and July 31, 2008, Plaintiff filed Motions to Compel in the State Court seeking better answers to certain interrogatories and requests for production of documents (DE ## 16-1, 17-1). On July 29, 2009, the state court entered an order granting the Plaintiff's Motion to Compel better responses to his Requests for Production of Documents and setting forth certain procedures for discovery in the matter (DE # 15-5).**

**On September 24, 2009, pursuant to the Federal Credit Union Act, 12 U.S.C. § 1786(h)(1)(B), the National Credit Union Administration Board ("NCUA") issued an order placing KFCU into voluntary conservatorship and appointing NCUA as Conservator. On October 5, 2009, NCUA was substituted by the State Circuit Court as the proper defendant in the action, and on October 6, 2009, NCUA removed this action to this Court pursuant to 12 U.S.C. § 1789(a)(2).**

**On October 19, 2009, this matter was stayed by the Honorable K. Michael Moore until December 2, 2009, pursuant to 12 U.S.C. § 1787(b)(12), which provides that when the NCUA is appointed conservator, that upon NCUA's request, a stay shall be granted in any judicial proceeding for 45 days. 12 U.S.C. § 1787(b)(12). Shortly thereafter, the undersigned issued an order that permitted the Plaintiff, upon the expiration of the stay, to re-file any discovery motions that had been pending in State Court prior to removal (DE # 7). In that Order, the undersigned noted that all of the Plaintiff's discovery motions were filed prior to NCUA being substituted as the Defendant in this matter (DE # 7).**

**After the stay expired, and after the undersigned granted an extension to comply with the Order regarding the refiling of pending State Court discovery motions, the Plaintiff re-filed three Motions which are now pending before this Court.**

**In addition, on January 11, 2010, the Court issued a scheduling order setting this matter for the two-week trial period commencing October 12, 2010, and directing that all discovery be completed seventy (70) days before the trial date (DE # 13). The undersigned then held a hearing on the Plaintiff's renewed discovery Motions and ruled as follows at the hearing.**

## II. LAW & ANALYSIS

### A. Plaintiff's Motion to Compel Defendant to Comply with Sections B and

D of the State Court's Order of July 29, 2009 (DE # 15)

In one of the renewed discovery Motions, Plaintiff sought to compel the Defendant to comply with a State Court Order issued on July 29, 2009, before NCUA was named as a Defendant, wherein, the Honorable William Reagan Ptomey granted the Plaintiff's Motion to Compel Production of Documents. Specifically, the Order directed, in relevant part:

> B. Defendant shall prepare a privilege log for all documents for which a privilege or an exemption is claimed in conformity with the requirements set forth in Florida Rule of Civil Procedure 1.280(5).
>
> C. Defendant shall prepare an estimate of costs of production for the documents requested by Plaintiff within 5 days from the date of this Order. Plaintiff and Defendant shall confer regarding the proposed costs and attempt to reach agreement on said costs. If the parties are unable to reach agreement on the costs of production of the requested documents within 10 days from the date of this Order, the parties shall notify the Court and request an evidentiary hearing on the issue.
>
> D. Defendant shall submit Amended Responses to Plaintiff's Request for Production, indicating with specificity its objections, if any, to each of Plaintiffs individual requests.

(DE # 15-5). In the renewed discovery Motion, the Plaintiff asserts that the Defendant failed to comply with the mandates of sections B and D of the Order.

Conversely, Defendant contends that its compliance with sections B and D of the Order was contingent upon compliance with section C, which required the Parties to agree on the costs of retrieving and producing the requested documents, and that an evidentiary hearing should be held on the reasonableness of those costs. The Defendant states that because the evidentiary hearing never took place and because Plaintiff seeks over 30,000 documents that are maintained in an electronic format, the Defendant cannot produce the documents or a privilege log related to those documents until the issue of costs is resolved. In addition, Defendant asserts that the discovery issues are now subject to the Federal

**Rules of Civil Procedure and the Defendant is therefore entitled to object to the requested electronic discovery as burdensome, and further argues that the state court discovery became null and void when the case was removed to federal court.**

**In his Reply, the Plaintiff asserts that the underlying issue regarding the production of documents has already been decided by the State Court's July 28, 2009 Order and that the Plaintiff simply seeks to have this Court enforce the State Court's Order and require the Defendant to comply with Sections B and D, without regard to Section C of the Order. Plaintiff also contends that the State Court Order only requires the Defendant to respond to each of Plaintiff's requests for production individually, and not to produce the documents sought in the requests.**

**At the hearing, Counsel for the Defendant stated that he had not yet reviewed any of the electronically stored information because he had been informed by his expert that it would cost between $80,000 and $90,000 to retrieve and review the 30,000 electronic documents potentially responsive to Plaintiff's requests, and thus the requests were overly burdensome. However, the Defendant confirmed that NCUA was in possession of approximately eight (8) boxes of paper documents that are currently available for the Plaintiff's review.**

**After the Plaintiff agreed to view the paper documents currently held by the Defendant, the undersigned held that irrespective of the cost of actually producing the electronically stored information, the Defendant should provide written responses to the Plaintiff's individual requests for production of documents and therein should raise Defendant's contentions about the burdensome nature of the production of certain categories of requested documents.**

**Accordingly, as ordered at the hearing, the Plaintiff's Request for Production of**

**Documents are deemed served on NCUA as of February 5, 2010, and the Defendant shall provide written specific individual responses and/or objections, in compliance with the Federal Rules of Civil Procedure and the undersigned's discovery procedures Order (DE # 28) as to each of Plaintiff's requests, and provide a privilege log that sets forth categorical privileges specific to each of Plaintiff's requests by the close of business on February 26, 2010. Further, the Defendant must also produce any hard-copy documents for which the Defendant is not asserting a privilege on or before February 26, 2010. If the Defendant deems that certain requests need to be narrowed in scope, or are unduly burdensome due to costs, the Defendant may file an appropriate motion and may request expedited treatment of that motion to ensure that discovery is timely completed.**

**B. Plaintiff's Motion to Compel Defendant to Provide a Better Answer to Interrogatory 8 of Plaintiff's First Set of Interrogatories (DE # 16), and Plaintiff's Motion to Compel Defendant to Provide Better Answers to Interrogatories 1-10 of Plaintiff's Second Set of Interrogatories (DE # 17)**

**In these two Motions, Plaintiff sought to compel a better answer to one interrogatory seeking information about statements and reports related to facts contained in Defendant's pleadings, and better responses to Nos. 1-10 of Plaintiff's Second Set of Interrogatories. Defendant responds that the Court lacks jurisdiction to compel discovery served in state court, and notes that the responses provided were answered on the basis of state law rather than federal law (DE # 24). Defendant therefore maintains that the Plaintiff should have to re-serve the discovery in this forum, particularly in light of the Court's new scheduling order and the deadlines contained therein. In addition, the Defendant asserted that certain of the interview materials sought in Plaintiff's Interrogatory Number 8 are protected by the work product doctrine and thus, undiscoverable.**

**At the hearing, the undersigned concurred that the Federal Rules of Civil Procedure**

**now apply to this action, and as such the Parties have to provide discovery in compliance with the applicable federal rules, but also noted that it was not possible to rule on the Defendant's claims of privilege because no privilege log had been provided and the Defendant had not provided responses and/or specific objections to the categories of documents requested by the Plaintiff. Therefore, the undersigned ordered the Defendant to provide initial disclosures as required by Federal Rule of Civil Procedure 26(a) by the close of business on February 15, 2010. In addition, as stated in the hearing, the undersigned deems Plaintiff's First and Second Set of interrogatories as served on NCUA on February 5, 2010, and orders the Defendant to provide written specific individual responses and/or objections in compliance with the Federal Rules of Civil Procedure and the undersigned's discovery procedures Order (DE # 28) to Interrogatory No. 8 of Plaintiff's First Set of Interrogatories and to Nos. 1-10 of Plaintiff's Second Set of Interrogatories by the close of business on February 26, 2010.**

**C. Plaintiff's Motion for Extension of Time to Re-File Motions Pending in State Court Regarding Discovery Directed to Defendant's Expert Witness, Robert D. Moody (DE # 18)**

**In this Motion, Plaintiff requested that he be granted an extension of time to re-file his Motion to Compel certain documents from one of the Defendant's experts, Robert D. Moody, that Plaintiff had requested in his Third Set of Requests for Production and also, through a subpoena duces tecum which set Mr. Moody's deposition for August 19, 2008. By all accounts, Mr. Moody did attend his deposition but, according to Plaintiff, failed to produce most of the documents requested in the subpoena and was repeatedly instructed in the deposition to not respond to certain questions regarding his work in the case. Plaintiff then filed two motions to compel related to the requested documents. The motions remained pending before the state court when this matter was removed to federal court.**

**In opposition, Defendant took the position that the motions are premature because Federal Rule of Civil Procedure 26(a)(2) now governs this action which works in tandem with the scheduling order issued by this Court, and thus, the dates for expert disclosure have not yet expired.**

**Federal Rule of Civil Procedure 26(a)(2)(C), Time to Disclose Expert Testimony, provides in relevant part, "A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: (1) at least 90 days before the date set for trial or for the case to be ready for trial;...". Accordingly, the undersigned concludes and the Parties agreed at the hearing, that based upon the scheduling order issued by this Court setting a trial date of October 12, 2010, the motions filed in state court related to disclosure of the Defendant's expert are premature. Plaintiff may however, re-file appropriate motions related to the discovery of Defendant's experts at the appropriate time in this litigation, if necessary.**

**III. CONCLUSION**

**Therefore, based on the foregoing and upon a review of the record as a whole and, as ruled from the bench at the hearing on the Plaintiff's Motions to Compel, it is**

**ORDERED AND ADJUDGED Plaintiff's Motion to Compel Defendant to Comply with Sections B and D of the State Court's Order of July 29, 2009 (DE # 15), Plaintiff's Motion to Compel Defendant to Provide a Better Answer to Interrogatory 8 of Plaintiff's First Set of Interrogatories (DE # 16), and Plaintiff's Motion to Compel Defendant to Provide Better Answers to Interrogatories 1-10 of Plaintiff's Second Set of Interrogatories (DE # 17) are GRANTED, in part. It is further**

**ORDERED AND ADJUDGED that Plaintiff's discovery requests are deemed to be**

**served on Defendant National Credit Union Administration Board on February 5, 2010 and the Defendant is directed to provide a better response to Interrogatory No. 8 of Plaintiff's First Set of Interrogatories and respond to Plaintiff's Second Set of Interrogatories and Request for Production of Documents with responses specific to each request and/or objections in compliance with the Federal Rules of Civil Procedure, as well as, provide a privilege log for any documents or electronic discovery not produced by the close of business on Friday, February 26, 2010. It is further**

**ORDERED AND ADJUDGED Plaintiff's Motion for Extension of Time to Re-File Motions Pending in State Court Regarding Discovery Directed to Defendant's Expert Witness, Robert D. Moody (DE # 18) is DENIED without prejudice. The Defendant shall provide the Plaintiff with expert disclosures as required by the Federal Rules of Civil Procedure and in compliance with the Court's Scheduling Order issued on January 11, 2010.**

**DONE AND ORDERED in chambers in Miami, Florida on March 16, 2010.**

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
**The Honorable K Michael Moore**
**United States District Judge**
**All counsel of record**